Debbie P. Kirkpatrick, Esq. (SBN 207112)
Damian P. Richard, Esq. (SBN 262805)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA  92108
Tel:   619/758-1891
Fax:   619/296-2013
dkirkpatrick@sessions-law.biz
drichard@sessions-law.biz

Attorney for R.M. Galicia, Inc. dba Progressive Management Systems

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA MEHRAZAR, an individual, | Case No.  14-CV-00275 JVS (DFMx) |
| Plaintiff, | |
| vs. | ANSWER OF R.M. GALICIA, INC. dba PROGRESSIVE MANAGEMENT SYSTEMS |
| R.M. GALICIA, INC. dba PROGRESSIVE MANAGEMENT SYSTEM, INC. and DOES 1 to 5, | |
| Defendant. | |

Defendant, R.M. Galicia, Inc. dba Progressive Management Systems (hereinafter "PMS"), for itself alone, responds to the complaint filed by plaintiff, Tina Mehrazar, as follows:

**INTRODUCTION**

1.      In response to ¶ 1 of the complaint, PMS admits plaintiff brings this action to enjoin alleged illegal collection practices and to recover damages, but PMS denies any wrongdoing or liability and denies plaintiff is entitled to damages in any amount.

2.      PMS denies the allegations contained in ¶ 2 of the Complaint.

**JURISDICTION AND VENUE**

3.      In response to ¶ 3 of the Complaint, PMS admits the above-captioned Court has jurisdiction.

4.      PMS denies the allegations contained in ¶ 4 of the Complaint.

5.      In response to ¶ 5 of the Complaint, PMS admits it is subject to the above-captioned Court's jurisdiction.

6.      In response to ¶ 6 of the Complaint, PMS admits venue in the above-caption Court is proper.

**PARTIES**

7.      PMS lacks sufficient information to answer the allegations contained in ¶ 7, and based thereon denies the same.

8.      PMS admits that its principal place of business in located in West Covina, California.  PMS avers 47 U.S.C. § 153(10) does not define "persons."

Except as expressly admitted, PMS denies the  remaining allegations contained in ¶ 8.

9.    PMS admits that it is a California corporation with its principal place of business located in West Covina, California.   PMS further admits that its principal business is providing debt collection related services.   PMS avers 47 U.S.C. § 153(10) does not define "persons."   Except as expressly admitted, PMS denies the  remaining allegations contained in ¶ 9.

10.    PMS lacks sufficient information to answer the allegations contained in ¶ 10, and based thereon denies the same.

11.    PMS lacks sufficient information to answer the allegations contained in ¶ 11, and based thereon denies the same.

12.    PMS admits that when it acts as a debt collector as defined by 15 U.S.C. § 1692a(6), its conduct may be governed by the applicable provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*   PMS further admits that its principal business is providing debt collection related services.   Except as expressly admitted, PMS denies the  remaining allegations contained in ¶ 12.

13.    PMS admits that when it acts as a debt collector as defined by California Civil Code § 1788.2(c), its conduct may be governed by the applicable

Answer of R.M. Galicia, Inc. dba Progressive Management Systems to Complaint

provisions of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code 1788, *et seq.*  PMS further admits that its principal business is providing debt collection related services.  Except as expressly admitted, PMS denies the remaining allegations contained in ¶ 13.

14.    PMS lacks sufficient information to answer the allegations contained in ¶ 14, and based thereon denies the same.

15.    PMS lacks sufficient information to answer the allegations contained in ¶ 15, and based thereon denies the same.

16.    PMS denies  the allegations contained in ¶ 16.

## **FACTUAL ALLEGATIONS**

17.    PMS denies  the allegations contained in ¶ 17.

18.    PMS denies  the allegations contained in ¶ 18.

19.    PMS lacks sufficient information to answer the allegations contained in ¶ 19, and based thereon denies the same.

20.    PMS denies  the allegations contained in ¶ 20.

21.    PMS denies  the allegations contained in ¶ 21.

22.    PMS lacks sufficient information to answer the allegations contained in ¶ 22, and based thereon denies the same.

23.    In response to ¶ 23 of the Complaint, PMS admits it did not place any call to plaintiff for emergency purposes. Except as expressly admitted, PMS denies the  remaining allegations contained in ¶ 23.

24.    PMS denies  the allegations contained in ¶ 24.

25.    PMS denies  the allegations contained in ¶ 25.

26.    PMS denies  the allegations contained in ¶ 26.

27.    PMS denies  the allegations contained in ¶ 27.

## CAUSE OF ACTION

**First Cause of Action**
**(Alleged Violations of the Fair Debt Collection Practices**
**Act 15 U.S.C. § 1692 et seq.)**

28.    PMS incorporates its responses to ¶¶ 1-27, inclusive, of the Complaint as though fully set forth herein.

29.    PMS denies  the allegations contained in ¶ 29.

30.    PMS admits that plaintiff purports to seek redress for alleged violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, as alleged in ¶ 30 of the Complaint, but PMS denies violating the FDCPA and denies plaintiff is entitled to the requested relief or damages in any amount whatsoever.

///

///

## Second Cause of Action
### (Alleged Violations of the Rosenthal Fair Debt Collection Practices Act §§ 1788-1788.32)

31.     PMS incorporates its responses to ¶¶ 1-30, inclusive, of the Complaint as though fully set forth herein.

32.     PMS denies  the allegations contained in ¶ 32.

33.     PMS admits that plaintiff purports to seek redress for alleged violations of the RFDCPA, Cal. Civ. Code § 1788 *et seq.*, as alleged in ¶ 33 of the Complaint, but PMS denies violating the RFDCPA and denies plaintiff is entitled to the requested relief or damages in any amount whatsoever.

## Third Cause of Action
### (Alleged Negligent Violation of the Telephone Consumer Protection Act 47 U.S.C. § 227 Et. Seq.)

34.     PMS incorporates its responses to ¶¶ 1-33, inclusive, of the Complaint as though fully set forth herein.

35.     PMS denies  the allegations contained in ¶ 35.

36.     PMS admits that plaintiff purports to seek redress for alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, as alleged in ¶ 36 of the Complaint, but PMS denies violating the TCPA and denies plaintiff is entitled to the requested relief or damages in any amount whatsoever.

37.    PMS admits that plaintiff purports to seek redress for alleged violations of the TCPA, as alleged in ¶ 37 of the Complaint, but PMS denies violating the TCPA and denies plaintiff is entitled to the requested relief.

**Fourth Cause of Action**
**(Alleged Knowing and/or Willful Violation of the Telephone Consumer Protection Act 47 U.S.C. § 227 et. seq.)**

38.    PMS incorporates its responses to ¶¶ 1-37, inclusive, of the Complaint as though fully set forth herein.

39.    PMS denies  the allegations contained in ¶ 39.

40.    PMS admits that plaintiff purports to seek redress for alleged violations of the TCPA, as alleged in ¶ 40 of the Complaint, but PMS denies violating the TCPA and denies plaintiff is entitled to the requested relief or damages in any amount whatsoever.

41.    PMS admits that Plaintiff purports to seek redress for alleged violations of the TCPA, as alleged in ¶ 41 of the Complaint, but PMS denies violating the TCPA and denies plaintiff is entitled to the requested relief.

///

///

///

///

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

As a first affirmative defense, PMS alleges plaintiff's Complaint should be dismissed because the various causes of action fail to state claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

As a second affirmative defense, PMS alleges, pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such error.

## THIRD AFFIRMATIVE DEFENSE

As a third affirmative defense, PMS alleges, pursuant to California Civil Code § 1788.30(e), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such violation.

## FOURTH AFFIRMATIVE DEFENSE

As a fourth affirmative defense, PMS alleges, plaintiff consented to and/or invited the conduct for which she seeks relief.

///

## FIFTH AFFIRMATIVE DEFENSE

As a fifth affirmative defense, PMS alleges, plaintiff knowingly and voluntarily waived her rights to obtain any or all of the relief sought in the complaint.

## SIXTH AFFIRMATIVE DEFENSE

As a sixth affirmative defense, PMS alleges that it did not place any calls to plaintiff's number using an automatic telephone dialing system as defined by the TCPA.

## SEVENTH AFFIRMATIVE DEFENSE

As a seventh affirmative defense, PMS alleges that it did not place any calls to plaintiff's number using an artificial or prerecorded voice.

## EIGHTH AFFIRMATIVE DEFENSE

As an eighth affirmative defense, PMS alleges that one or more of the alleged calls were not to a wireless a/k/a mobile a/k/a cellular phone number.

## NINTH AFFIRMATIVE DEFENSE

As a ninth affirmative defense, PMS alleges that plaintiff failed to mitigate her alleged damages.

WHEREFORE, PMS respectfully requests that:

1.      Plaintiff take nothing by way of her Complaint;

2.      Judgment of dismissal be entered in favor of PMS;

3.      PMS be awarded costs and attorney's fees it has incurred in defending this lawsuit.

4.      PMS be granted such other and further relief as the Court deems just and proper.

Dated: 3/4/14               SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.

*/s/ Debbie P. Kirkpatrick*
Debbie P. Kirkpatrick
Attorney for Defendant
R.M. Galicia, Inc. dba
Progressive Management Systems